# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LRB's COUNTRY ROAD HOUSE, LLC; and LOMON BRUNSON, an individual,** Plaintiffs | NO. _____ 2015 JUDGE: |
| v. | CIVIL RIGHTS COMPLAINT (42 U.S.C §1983) |
| **MONTGOMERY BOROUGH; ALFRED POFF; and JOHN DOE(S),** Defendants | JURY TRIAL DEMANDED (Electronically Filed) |

## **COMPLAINT**

1. Plaintiff LRB's Country Road House, LLC ("LRB") has a principle business address at 140 Miller Avenue, Montgomery, Lycoming County, Pennsylvania, 17752.

2. Plaintiff Lomon Brunson ("Brunson") is an individual and owner of LRB and currently resides at 2864 State Route 405, Milton, Pennsylvania, 17847 in Northumberland County.

3. Defendant Montgomery Borough ("Borough") is a municipal government entity under Pennsylvania law, with offices located at 35 South Main Street, Montgomery, Pennsylvania, 17752 in Lycoming County.

1

4. Defendant Alfred L. Poff ("Poff") is an adult individual, who at all times relevant hereto, was working as Health/Sanitation Officer at Montgomery Borough. He is being sued in his individual and official capacities.

5. Defendants John and/or Jane DOE ("DOE"), whose names and addresses are unknown to Plaintiffs, are being sued in his or her individual and/or official capacities.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3) and (4).

7. This Court's Supplemental jurisdiction is sought under 28 U.S.C. §1367(a), in that Plaintiffs' state law claims are so similar to Plaintiffs' federal claims as to be the same case and/or controversy, arising from the same set of operative facts.

8. Venue is proper in this Court, as all parties are located within the Middle District of Pennsylvania, and the cause of action arose in the Middle District of Pennsylvania.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff Brunson is the owner of Plaintiff LRB's Country Road House, a bar and grill located, located at 140 Miller Avenue, Montgomery, Pennsylvania, 17752 in Lycoming County.

11. LRB's Country Road House was owned and operated by Plaintiff Brunson and Plaintiff LRB as a profitable bar and grill, from the time of its purchase to the date it was illegally and improperly closed by Orders of Defendants Poff and Borough.

12. On or about September 3, 2013, Defendant Poff inspected LRB's Country Road House for compliance with state health laws, ostensibly on behalf of Defendant Borough's "Board of Health."

13. On or about September 3, 2013, Defendant Poff issued an ostensible "Retail Food Inspection Report" ("Poff Report," attached hereto as Exhibit A), in which Defendant Poff detailed numerous alleged health violations existed at LRB's Country Road House.

14. Most, if not all of the reported violations were untrue, exaggerated and/or unsupported.

15. Based upon the ostensible violations reported in the Poff Report, Defendant Poff closed LRB's Country Road House, on behalf of Defendant Borough's "Board of Health," on or about September 4, 2013, without justification (See closure notice, attached hereto as Exhibit B).

16. The violations cited by Defendant Poff in the Poff Report were either fabricated, unsupported and/or were not of sufficient severity as would require or justify closure of Plaintiff Brunson's place of business, Plaintiff LRB.

17. At all times relevant hereto, the individual Defendants Borough and Poff and possible Defendants DOE were acting under color of state law and/or were engaged in the course and scope of their employment as employees, contractors and/or associates of Montgomery Borough.

17. Defendant Poff acted under color of state law and was a state actor at all times relevant to the matters complained of herein.

18. The matter was referred by Defendant Borough to state health authorities shortly after the closure of LRB's Country Road House.

19. Plaintiff Brunson tried, after LRB's Country Road House was reopened, to continue to operate the business profitably, but was unable to recover from the described closure, and soon had to close for financial insufficiency.

20. The financial ruin of LRB's Country Road House was a direct result of the illegal, unjustified and willful closure of LRB's Country Road House, by Defendant's Poff and Defendant Borough.

## COUNT I – 42 U.S.C. §1983
## VIOLATION OF FEDERAL CIVIL RIGHTS OF PLAINTIFF BRUNSON

21. Paragraphs 1 through 20. are incorporated herein by reference as if fully restated.

22. The individual Defendants acted willfully, deliberately, maliciously, and with reckless disregard for Plaintiffs' constitutional and statutory rights.

23.     The Defendant Borough, has encouraged, tolerated, ratified, and been deliberately indifferent to the following patterns, practices, and customs and to the need for more or different training, supervision, investigation, or discipline in the areas of:

      a.    Discriminatory and/or illegal enforcement of health laws; and

      b.    Racial tolerance.

24.     As a direct and proximate result of Defendants' conduct in closing LRB's Country Road House and depriving Plaintiff Brunson of the income from his place of business, committed under color of state law, Plaintiffs were deprived of their right to be free from the deprivation of property, without due process of law, in violation of the 5th and 14th Amendments to the United States Constitution.

25.     As a result, Plaintiffs suffered and continue to suffer harm in violation of 42 U.S.C. §1983 due to the deprivation of their rights under the laws of the Commonwealth of Pennsylvania and Constitution of the United States, in particular the Fifth and Fourteenth Amendments thereof.

26. As a direct and proximate result of the acts of Defendants, Plaintiff Brunson was subjected to stress, emotional injury, community disparagement, scorn and derision; loss of income; damage to reputation; and loss of enjoyment of life.

27. As a direct and proximate result of the acts of the Defendants, Plaintiff Brunson continues to suffer severe emotional distress as a result of the closure of his place of business – Plaintiff LRB; and the damage to his reputation in the community. incident.

**WHEREFORE**, Plaintiffs LRB and Brunson, respectfully pray that this Honorable Court grant the relief set forth hereinafter in the Prayer For Relief.

## COUNT II – VIOLATION OF THE PENNSYLVANIA CONSTITUTION, ARTICLE 1, SECTION I

28. Paragraphs 1 through 27 above are incorporated herein by reference as if fully restated.

29. Defendants' conduct violated Plaintiffs' rights and interests protected under the Pennsylvania Constitution.

30. Defendants violated Plaintiffs' protected liberty and right to acquire, possess and protect property and reputation, secured by Article I, Section I of the Pennsylvania Constitution.

31. As a direct and proximate result of the acts of the Defendants, Plaintiffs sustained pain, suffering, emotional harm and loss of property and reputation.

32. As a direct and proximate result of the acts of the Defendants, Plaintiff Brunson continues to suffer severe emotional distress as a result of this incident.

**WHEREFORE**, Plaintiffs LRM and Brunson respectfully pray that this Honorable Court grant the relief set forth hereinafter in the Prayer For Relief.

### COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT HIRING AND/OR TRAINING

33. Paragraphs 28 through 32 above are incorporated by reference herein as if fully restated.

34. The acts and conduct of individual Defendants constitutes intentional infliction of emotional distress, negligence and gross negligence under the laws of the Commonwealth of Pennsylvania.

35. Defendant Montgomery Borough, was negligent in hiring, training, supervision, and retention under the laws of the Commonwealth of Pennsylvania.

36. This Court has supplemental jurisdiction to hear and adjudicate these claims.

**WHEREFORE**, Plaintiffs, LRM and Brunson, respectfully pray that this Honorable Court grant the relief set forth hereinafter in the Prayer for Relief.

## **PRAYER FOR RELIEF**

Plaintiffs LRM and Brunson, respectfully pray for judgment as follows:

A. That this Court declare that the actions by the Defendants violated the Plaintiffs' Constitutional rights;

B. Nominal and compensatory damages as to all Defendants;

C. Punitive damages as to the individual Defendants;

D. Reasonable attorney's fees and costs;

E. A jury trial as to each Defendant as to each Count; and,

F. Such other relief as is reasonable and just.

**SCARINGI & SCARINGI, P.C.**

 /s/ *Keith E. Kendall*
**Keith E. Kendall, Esquire**
PA Supreme Court I.D. No. 42910
20 North Hanover Street
Suite 201
Carlisle, PA 17013
Phone: (717) 960-0075
Facsimile: (717) 960-0074
*keith@scaringilaw.com*

Counsel For: Plaintiffs

Dated: August 26, 2015