IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LRB'S COUNTRY ROAD HOUSE, LLC, and LOMON BRUNSON, an individual,<br><br>Plaintiffs<br><br>v.<br><br>MONTGOMERY BOROUGH, ALFRED POFF and JOHN DOE,<br><br>Defendants | NO. 4:15-cv-01673<br><br>JUDGE MATTHEW W. BRANN<br><br>CIVIL RIGHTS (42 U.S.C. §1983)<br><br>JURY TRIAL DEMANDED<br><br>(Electronically Filed) |

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, by and through their counsel, James F. Malloy, Esquire, respond to Plaintiffs' Complaint as follows:

1.-2.   Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

3.   Admitted.

4.   Admitted, except as to tense. Mr. Poff is deceased.

5.   Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

6.-8.   Denied. The allegations are denied as conclusions of law to which no response is necessary.

9.   Admitted, except as to tense. Defendants are unsure if the business is

open.

11.[sic] Denied. The allegations are denied as conclusions of law to which no response is necessary.

12.-13. Admitted.

14.-17. Denied. The allegations are denied as conclusions of law to which no response is necessary.

18. Admitted.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.

20. Denied. The allegations are denied as conclusions of law to which no response is necessary.

## COUNT I

21. This is a paragraph of incorporation to which no response is required. To the extent a response is deemed to be necessary, Defendants hereby incorporate by reference the responses set forth in paragraphs 1 through 20 as though same were fully set forth herein at length.

22. Denied. The allegations are denied as conclusions of law to which no response is necessary.

23. Denied. The allegations in this paragraph and subparagraphs are denied as conclusions of law to which no response is necessary.

2

24.-27. Denied. The allegations are denied as conclusions of law to which no response is necessary.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, plus costs.

## COUNT II

28. This is a paragraph of incorporation to which no response is required. To the extent a response is deemed to be necessary, Defendants hereby incorporate by reference the responses set forth in paragraphs 1 through 27 as though same were fully set forth herein at length.

29.-32. Denied. The allegations are denied as conclusions of law to which no response is necessary.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, plus costs.

## COUNT III

33. This is a paragraph of incorporation to which no response is required. To the extent a response is deemed to be necessary, Defendants hereby incorporate by reference the responses set forth in paragraphs 1 through 32 as though same were fully set forth herein at length.

34.-36. Denied. The allegations are denied as conclusions of law to which no response is necessary.

WHEREFORE, Defendants request that judgment be entered in their favor and against Plaintiffs, plus costs.

## FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be barred and/or limited by the applicable Statutes of Limitations and/or Repose.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to set forth a cause of action upon which relief can be granted against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages may have been caused by others over whom the answering Defendant had no control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused in whole or in part, or were contributed to, by Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs may have this claim diminished or barred for failure to mitigate damage.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff s may have this claim diminished or barred due to spoliation of the

evidence.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants incorporate by reference and pleads all applicable contracts and all applicable standards and codes.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to F.R.C.P. 8(c), the following affirmative defenses are pleaded: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on the doctrine of *respondeat superior*, such claims are barred because the doctrine of *respondeat superior* is not a basis for recovery under 42 U.S.C. § 1983.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs request monetary relief, Defendants are protected from liability and suit by Eleventh Amendment immunity and the doctrine of qualified immunity.

WHEREFORE, Defendants, reserving the right to amend this Answer in order to assert any additional affirmative defenses which may be uncovered or made known during the pendency of this case, request that judgment be entered in their favor and against all other parties, plus costs.

Respectfully submitted:

LAW OFFICES OF KATHLEEN A. WALSH

s/James F. Malloy
James F. Malloy, Esquire
Attorney I.D. No. 69043
Professional Arts Bldg., #606
327 N. Washington Avenue
Scranton, PA 18503
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LRB'S COUNTRY ROAD HOUSE, LLC, and LOMON BRUNSON, an individual,<br><br>Plaintiffs<br><br>v.<br><br>MONTGOMERY BOROUGH, ALFRED POFF and JOHN DOE,<br><br>Defendants | NO. 4:15-cv-01673<br><br>JUDGE MATTHEW W. BRANN<br><br>CIVIL RIGHTS (42 U.S.C. §1983)<br><br>JURY TRIAL DEMANDED<br><br>(Electronically Filed) |

## CERTIFICATE OF SERVICE

I, James F. Malloy, Esquire, certify that I served a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Complaint upon the following person(s) listed below by U.S. First Class Mail on the 18th day of November, 2015:

Keith E. Kendall, Esquire
Scaringi & Scaringi, P.C.
20 North Hanover St., #201
Carlisle, PA 17013

                         s/James F. Malloy
                         James F. Malloy, Esquire